IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0131-CV-W-RED |
| | ) | |
| FORTIS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiff's Motion for Remand and Suggestions in Support (Doc. 7). In the Motion, Plaintiff alleges that Defendant's removal of this case from Missouri circuit court based on diversity of citizenship was improper because the complaint does not state a claim for damages exceeding $75,000. Plaintiff later states and stipulates that if the case is remanded back to state court, he will not seek an award of damages in an amount in excess of $75,000. Defendant argues that removal is proper because Plaintiff's complaint, in total, seeks damages in an amount greater than $75,000 and that Defendant has demonstrated a likelihood that an award in excess of the statutory minimum is likely. For the reasons below, the Court **GRANTS** Plaintiff's Motion and remands the case to state court.

### I. Background

Plaintiff John Anderson filed his three count petition in the Circuit Court of Jackson County, Missouri in Kansas City on December 17, 2004. The Petition alleges that Plaintiff purchased insurance from Defendant, received a copy of the benefits booklet, but did not receive a copy of the policy itself. He then received pre-authorization for a hip replacement surgery, and underwent the surgery on or about December 4, 2003. He further alleges that he submitted the bills to his insurance

company for payment, but that Defendant denied coverage, stating that the surgery was for a pre-existing condition. According to Plaintiff, he did not receive a copy of the policy, including the exclusions for pre-existing conditions, until approximately ninety days after the denial of his claims. He thus brought suit for vexatious refusal to pay and vexatious delay of payment under the insurance contract, breach of contract, and misrepresentation. At the end of each count of the Complaint, Plaintiff included a "wherefore" clause. After Count I (Vexatious Refusal) the Wherefore clause reads:

> WHEREFORE, Plaintiff John Anderson prays for judgment in his favor in an amount deemed fair and reasonable under the circumstances, for an award of his reasonable attorney's fees, for civil penalties pursuant to R.S.Mo. §§ 375.296 and 375.420, for the costs of this action, and for such other and further relief as the Court deems just and proper, *all in an amount not to exceed $75,000.*

*Pl.'s Pet.* at 3 (emphasis added). After Count II (Breach of Contract), the Wherefore clause reads:

> WHEREFORE, Plaintiff John Anderson prays for judgment in his favor and in an amount deemed fair and reasonable under the circumstances, for pre-judgment and post-judgment interest, for the costs of this action, and for such and further relief as the Court deems just and proper, *all in an amount not to exceed $75,000*.

*Pl.'s Pet.* at 4 (emphasis added). Finally, after Count III (Misrepresentation), the Wherefore clause reads:

> WHEREFORE, Plaintiff John Anderson prays for judgment in his favor in an amount deemed fair and reasonable under the circumstance, for the costs of this action, and for such other and further relief as the Court deems just and proper, *all in an amount not to exceed $75,000.*

*Pl.'s Pet.* at 5 (emphasis added).

Defendant notes that the amount due for Plaintiff's unpaid medical bills is approximately $57,000, statutory damages for vexatious refusal could be more than $5,850, with legal fees likely higher than $12,000. Defendant removed the case to this Court, alleging diversity of citizenship and

an amount in controversy exceeding $75,000. Plaintiff subsequently filed the pending Motion to Remand. In his Reply Suggestions supporting the Motion, Plaintiff's counsel explicitly stated:

> If it has not already been said, counsel hereby represents to the Court that Mr. Anderson is not seeking damages in excess of $75,000. Moreover, Mr. Anderson is willing to stipulate that he will not accept damages in an amount in excess of $75,000.

*Pl.'s Reply Br.* at 2. Thus, Plaintiff argues, he has never requested an award in excess of the statutory minimum invoking this Court's diversity jurisdiction, and he will not seek such a reward if the case were to be remanded.

## II. Legal Standards

### *A. Removal Generally*

Pursuant to 28 U.S.C. § 1441(a), a defendant, under certain circumstances, may remove a civil action from a state court to a federal district court on the basis of diversity of citizenship. Section 1441(a), provides in part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to a district court of the United States from the district and the division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

For this Court to have jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The amount in controversy requirement is strictly construed, and the underlying purpose is to limit the federal courts' diversity caseload. *See GRAMC v. Millar Elevator Co./Schindler Enters.*, 3 F. Supp. 2d 1082, 1083 (E.D. Mo. 1998) (citing *Snyder v. Harris*, 394 U.S. 332, 339, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969)). "A motion to remand the

case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). Removal statutes are strictly construed, and all doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.3d 181, 183 (8th Cir. 1993)); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

### *B. Defendant's Burden of Proof of Amount in Controversy*

The party invoking jurisdiction bears the burden of proving that all of the prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). This means that Defendant must prove that this Court has jurisdiction pursuant to § 1332, including proving that the amount in controversy exceeds $75,000.

Generally, to prevail, the party opposing remand must "establish to a degree of legal certainty, or by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Krahn v. Cross Country Bank*, No. Civ. 01-2069(PAM/RLE), 2003 WL 21005295, *1 (D. Minn. Apr. 23, 2003) (citing *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir. 1994)). The parties dispute which standard—preponderance or "legal certainty" is applicable in this case. The "legal certainty" standard was first developed in *St. Paul Mercury Indemnity Co v. Red Cab Co.*, 303 U.S. 283

4

(1938). In that case, the plaintiff filed an action in state court, alleging damages in excess of the then-existing jurisdictional amount in controversy. After the defendant removed the case to federal court, the complaint was amended, and an exhibit was attached detailing damages below the statutory amount. *Id.* at 284-85. The district court entered judgment below the statutory amount, an appeal was taken, but the court of appeals dismissed the appeal because the amount in controversy was insufficient to confer federal jurisdiction over the action. *Id.* at 285. The Supreme Court held that jurisdiction must be determined at the time of removal, and

> the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.... [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* at 288-89.

Recently, the use of the "legal certainty" test has been limited. The courts within the Eighth Circuit seem to have adopted the view that when a plaintiff has not specified the total damages in the complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("[T]he proponent of diversity jurisdiction must prove a negative by a preponderance of the evidence in order to avoid dismissal of his or her case."); *see also Adams v. Bank of Am.,* 317 F. Supp. 2d 935, 942 (S.D. Iowa 2004); *Halsane v. Liberty Mut. Group,* 40 F. Supp. 3d 1087, 1089-90 (N.D. Iowa 1999) (citing *McCorkindale v. Am. Home Assur. Co/A.I.C.*, 909 F. Supp. 646 (N.D. Iowa 1995)); *Radmer v. Aid Assoc. for Lutherans*, No. 99-0961-CV-W-9-4, 2000 WL 33910093, at *2 (W.D. Mo. Apr. 27, 2000) (citing *Peterson*, 12 F. Supp. 2d at 968; *Gilmer v. Walt Disney Co*., 915

F. Supp. 1001, 1006-07 (W.D. Ark. 1996) (citing decisions from the Fifth, Sixth, Ninth, and Eleventh Circuit Courts of Appeal)).

However, the "preponderance" test is utilized only when it is unclear from the face of the pleadings whether the complaint is removeable. Courts of this circuit continue to use the "legal certainty" test "[w]here the complaint states a specific amount lower than the required amount." *Nagel v. Wal-Mart Stores, Inc.*, 319 F. Supp. 2d 981, 983 (D.N.D. 2004) (citations omitted). "Thus, where a plaintiff specifically claims less than the federal requirement in a state court action, removal should generally be precluded." *Varboncoeur v. State Farm Fire & Cas. Co.*, 356 F. Supp. 2d 935, 941 (S.D. Iowa. 2005) (citing *St. Paul Mercury Indemn. Co.*, 303 U.S. at 294).

### III. Analysis

Neither party disputes that the parties are of diverse citizenship. The key issue, then, is whether Defendant has shown that Plaintiff has pled an amount in controversy exceeding $75,000. As to that issue, this case presents two unique factual situations. First, Plaintiff included a prayer for monetary relief in the Petition filed in state court alleging an award less than the jurisdictional amount triggering removal. However, that prayer was repeated after each count in the Petition. Defendant argues that such statements, when taken together, result in a total prayer for relief of not more than $225,000. Defendant also offers proof that Plaintiff's medical bills, when combined with statutory damages and attorney's fees, would total more than $75,000. Plaintiff argues that the prayer was only for an award of less than $75,000 on *all* counts of the Petition.

Second, Plaintiff's counsel directly stated to the Court that Plaintiff does not seek an award of more than $75,000 and did not seek such an award at the time of removal. Thus, the issues that arise are whether Plaintiff's Petition clearly stated whether the Petition was removeable on its face,

6

whether Defendant has proven that the amount in controversy is satisfied, and what effect, if any, the stipulation has upon the removal determination.

At the end of the "Wherefore" clause after each count in the Petition, Plaintiff requests relief deemed just and proper "all in an amount not to exceed $75,000." Plaintiff suggests that "all" means the totality of Plaintiff's Petition. Defendant suggests that "all" means the totality of types of relief in each count of Plaintiff's Petition; thus, for example, in Count I, Plaintiff would be entitled to relief not exceeding $75,000 for damages, attorney's fees, and civil penalties for vexatious refusal to pay, while Plaintiff might be entitled to another sum, not to exceed $75,000 for breach of contract in Count II.

In support of this theory, Defendant offers evidence that Plaintiff's alleged contract damages, exclusive of interest and court costs, are $57,050, that statutory damages could be more than $5,850, and that it is "reasonably certain" that Plaintiff's attorneys could not adequately prosecute the case for less than $12,000. Defendant also cites to a number of similar cases in which an awards in excess of $30,000 have been deemed reasonable. Thus, total damages would exceed $75,000.

In reply, Plaintiff asserts that it has pled in the alternative, and would not likely be able to recover on each claim. In other words Plaintiff "will recover the unpaid medical bills only once." *Pl.'s Reply* at 2. As to the attorney fees, Plaintiff argues that the limiting language in the Petition explicitly limits his recovery to any amount less than the jurisdictional amount.

It appears clear that, when viewing the entirety of the Petition, Plaintiff intended to limit his total recovery to less than the federal jurisdictional requirement. As Plaintiff noted, he cannot recover unpaid medical bills more than once. Nor could he recover attorney's fees more than once, even if he recovered under multiple counts of the Petition. Even though it would be likely that

7

Plaintiff would incur fees greater than $12,000 throughout the course of litigation, "all in an amount less than $75,000" can only mean that Plaintiff intends to limit those fees to below the jurisdictional threshold. As such, because Plaintiff has waived the claim in excess of the amount, he prevented removal at the time the Petition was filed, and remand is proper. *See Varboncoeur*, 356 F. Supp. 2d at 941 (quoting 14A Wright & Miller, *Federal Practice and Procedure* § 3725, at 418-19).

If there is any ambiguity present in the meaning of "all," it was resolved by the statement of Plaintiff's counsel that Plaintiff does not intend, nor did ever intend, to seek total damages of more than $75,000. Courts have been somewhat cautious with respect to *ex post facto* stipulations about the value of a case offered by Plaintiff after removal, since the propriety of removal must be determined at the time of removal, not some later time. However, when the amount in controversy is ambiguous on the face of the pleadings, courts have held such stipulations can "clarify" rather than "amend" the pleadings and thus may be considered as at least persuasive evidence of the amount in controversy and in determining whether a case should be remanded. *See Varboncoeur*, 356 F. Supp. 2d at 952; *Halsne*, 40 F. Supp. 2d at 1092; *see also Sanders v. Furst-McNess, Inc.*, 00-3211-CV-S-GAF, (W.D. Mo. Aug. 9, 2001) slip. op. at 3-4 (remanding after plaintiffs' counsel stated that the plaintiffs would not seek damages in excess of $75,000 excluding punitive damages and noting that "Plaintiffs are bound by this representation in this Court and in any other course where this case is litigated.").

Here, Plaintiff's statement further clarifies his intent when using the limiting language in the Petition. He his bound by such a limitation. Therefore, Plaintiff has not sought damages in excess of $75,000, the Court does not have subject matter jurisdiction over the Petition, and the case must be remanded.

8

## IV. Conclusion

Because Plaintiff's Petition does not, on its face, state a claim for damages in excess of the jurisdictional amount, because Defendants have not proven that Plaintiff seeks an amount above the jurisdictional amount, and because Plaintiff has agreed that he has not sought and will not seek an amount in excess of the jurisdictional amount on remand, and for the reasons above, it is hereby

ORDERED that Plaintiff's Motion for Remand and Suggestions in Support (Doc. 7) is **GRANTED.** This case shall be **REMANDED** to the Circuit Court of Jackson County, Missouri, for further proceedings.

**IT IS SO ORDERED.**

DATE:   May 6, 2005        _/s/ Richard E. Dorr_
                           RICHARD E. DORR, JUDGE
                           UNITED STATES DISTRICT COURT